UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY



CHAMBERS OF
GARRETT E. BROWN, JR.
CHIEF JUDGE

CLARKSON S. FISHER U.S. COURTHOUSE
402 EAST STATE STREET, ROOM 4050
TRENTON, NJ 08608
(609)989-2009

ORIGINAL TO THE CLERK

November 21, 2005

RECEIVED
NOV 2 2 2005
AT 8:30
WILLIAM T. WALSH
CLERK

Dina Sue Ronsayro, Esq.
Astor, Weiss, Kaplan & Mandel, LLP
4 Kings Highway East
Haddonfield, NJ 08033

Barry W. Frost, Esq.
Teich Groh, PC
691 State Highway 33
Trenton, NJ 08619

Re:   *Astor, Weiss, Kaplan & Mandel, LLP v. Frost*, 05-2709 (GEB)

**LETTER OPINION**

Dear Counsel:

This Letter Opinion resolves the appeal of Astor, Weiss, Kaplan & Mandel, LLP ("Appellant"), from the order of the United States Bankruptcy Court for the District of New Jersey ("Bankruptcy Court"), dated April 22, 2005.

The undisputed facts in this matter are as follows. On or about December 3, 2004, Gwendolyn Carol Johnson ("Debtor") filed for relief under Chapter 13 of the United States Bankruptcy Code. Pursuant to motion, on January 12, 2005, the Bankruptcy Court issued an order converting the Debtor's Chapter 13 proceeding to one under Chapter 11. Pursuant to motion, on March 8, 2005, the Bankruptcy Court entered an order converting the proceeding to one under Chapter 7. Barry W. Frost ("Appellee") was appointed as the interim Chapter 7 Trustee of the Debtor estate.

1

On or about January 4, 2005, Appellant filed an unsecured non-priority proof of claim for $588,737.22 for legal services allegedly performed on behalf of the Debtor's husband, Ed Johnson, and MERL Financial Group, Inc. ("MERL"). Attached to the proof of claim was a retainer letter, dated January 20, 2004, addressed to Ed Johnson and MERL.

On or about March 16, 2005, Appellant filed a Request for Election of Trustee. In opposition, Appellee filed a "Motion for Entry of an Order Expunging the Claim of [Appellant] and Denying Request for Election of Trustee." On April 11, 2005, the Bankruptcy Court heard oral argument on the Appellant's motion, and from the bench issued an order denying Appellant's request for election and disqualifying Appellant from voting at the scheduled meeting of creditors because its claim was disputed. The Bankruptcy Court also scheduled an evidentiary hearing on Appellee's motion.

The Bankruptcy Court's findings and ruling were memorialized in the April 22, 2005 Order. The Order denied Appellant's Request for Election of Trustee as moot because "[t]he election of a trustee is provided for by statute, 11 U.S.C. § 702, and Rule 2003(b)(1) and does not require court authorization[,]" and stated that Appellant is "disqualified from voting at any election for Trustee because an objection has been filed to [Appellant's] claim under Rule 2003(b)(3) and [Appellant's] claim is disputed under 11 U.S.C. § 702(a)(1)." The Order further scheduled an evidentiary hearing on the objection to Appellant's claim for July 12, 2005.

The Court finds that there is no basis for Appellant's appeal as to the first component of the Bankruptcy Court's Order. As the Bankruptcy Court stated, Section 702 and Rule 2003(b)(1) provide for the election of a trustee. Appellant acknowledges the presence of an objection to its proof of claim, but alleges that Federal Rule of Bankruptcy Procedure 2003 sets forth the procedure to be followed with respect to votes in the event of an objection to the amount or allowability of a proof of claim. Notwithstanding the language to that effect in Rule 2003(b)(3), the Rule merely discusses who is allowed to vote when a vote takes place and does not affect the Bankruptcy Court's disposition of the motion where, as here, Appellee, as interim trustee, became trustee because no vote took place, pursuant to Section 702(d).

As to the second component of the Order, Federal Rule of Bankruptcy Procedure 2003(b)(3), cited in the Order, states, in pertinent part, that "a creditor is entitled to vote at a meeting if, at or before the meeting, the creditor has filed a proof of claim or a writing setting forth facts evidencing a right to vote pursuant to § 702(a) of the Code unless objection is made to the claim or the proof of claim is insufficient on its face." Fed. R. Bankr. P. 2003(b)(3).

In light of Appellant's admission as to the existence of the objection, the Bankruptcy Court correctly found that Appellee filed an objection to Appellant's proof of claim and thus, pursuant to Rule 2003(b)(3), the claim is disputed and Appellant did not retain the right to vote. Furthermore, "[a] creditor may vote for a candidate for trustee only if such creditor holds an allowable, undisputed, fixed, liquidated, unsecured claim . . . ." 11 U.S.C. § 702(a)(1). Given the objection, the claim is in dispute and it is clear that Section 702 would preclude Appellant

2

from voting, had there been a vote. Finally, Rule 2003(b)(3) explicitly states that "[i]n the event of an objection to the amount or allowability of a claim for the purposes of voting, *unless the court orders otherwise*, the United States trustee shall tabulate the votes for each alternative presented by the dispute . . . ." Fed. R. Bankr. P. 2003(b)(3)(emphasis added). Since the Bankruptcy Court did so order that Appellant not be permitted to vote, had there been a vote, the trustee need not have counted the votes for the alternative presented by the dispute.

Based on the foregoing reasoning, the April 22, 2005 Order of the Bankruptcy Court is affirmed and Appellant's appeal is denied.

An appropriate form of order will be filed with this Letter Opinion.

GARRETT E. BROWN, JR., U.S.D.J.

3